IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN ANDINO FIGUEROA | § | |
| | § | |
| v. | § | C.A. NO. C-09-169 |
| | § | |
| RICK THALER[1] | § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed pursuant to 28 U.S.C. § 2254. Petitioner is being held at the McConnell Unit, which is located in Beeville, Texas. Pending is respondent's motion to transfer. (D.E. 13).

Petitioner is challenging his conviction and sentence by the 27th Judicial District Court in Bell County, Texas for possession of cocaine with intent to deliver. (D.E. 1, at 2). In Ground One, he is challenging a deficient jury instruction. Id. at 7. In Ground Two, he asserts that his counsel was ineffective during his direct appeal. Id. In Ground Three, he asserts that his counsel was ineffective during his trial for failure to call a witness. Id.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the

---

[1] Petitioner filed this action naming Nathaniel Quarterman as the respondent. Mr. Thaler has replaced Mr. Quarterman as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. (D.E. 13, at 1 n.1). Thus, Mr. Thaler is the proper respondent and is substituted pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted and sentenced by the 27th Judicial District Court in Bell County, Texas, (D.E. 1), which is located in the Waco Division of the Western District of Texas. See 28 U.S.C. § 124(d)(2). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. See 28 U.S.C. § 2241(d). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Respondent's motion to transfer, (D.E. 13), is GRANTED. Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Western District of Texas, Waco Division.

ORDERED this _21st_ day of September 2009.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE